UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
T-MOBILE NORTHEAST LLC, successor-
in-interest to Omnipoint Communications, Inc.
and Omnipoint Facilities Network 2, LLC,

                Plaintiff,            **MEMORANDUM & ORDER**
    -against-

                                   16-CV-6419
WATER AUTHORITY OF WESTERN
NASSAU COUNTY,

                Defendant.
-----------------------------------------------------X
**APPEARANCES:**

**PORZIO BROMBERG & NEWMAN, P.C.**
Attorneys for Plaintiff
156 56th Street
Suite 803
New York, NY 10019
By:    Joshua Hale Abramson, Esq.
        Gary Michael Fellner, Esq.

**MINERVA & D'AGOSTINO, P.C.**
Attorneys for Defendant
107 South Central Avenue
Valley Stream, NY 11580
By:    Ross Merrit Gerber, Esq.

**HURLEY, Senior District Judge:**

      On November 18, 2016, plaintiff, T-Mobile Northeast LLC, successor-in-interest

to Omnipoint Communications, Inc. and Omnipoint Facilities Network 2, LLC ("T-

Mobile" or "plaintiff") moved for a preliminary injunction, seeking to enjoin the Water

Authority of Western Nassau County ("WAWN" or "defendant") from "taking any

actions to interfere with, impede, or frustrate the plaintiff's existing contractual and

property rights to access certain real property and the elevated watertanks" located in

New Hyde Park, New York for the purpose of upgrading its equipment located on those

sites.  (Proposed Order to Show Cause, DE 3 at 1-2.)  For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

T-Mobile provides wireless service to customers through a network of antennas mounted on towers, buildings, or other structures, often referred to as Antenna Facilities, that broadcast signals to and from customers' wireless phones and devices.  T-Mobile's Antenna Facilities enable it to "provide wireless cellular service to thousands of customers in the vicinity of the Antenna Facilit[ies], to the public in general for access to e911 services, and to municipal emergency service first responders so they can communicate in the performance of life-saving activities."  (Pl.'s Mem. in Supp. at 2.)

At issue here, are two lease agreements between T-Mobile and WAWN, which allow T-Mobile to operate its cellular equipment on two properties owned by WAWN. Pursuant to the leases, plaintiff has "the right to replace or modify the equipment installation, subject to [WAWN's] approval."  (Compl. ¶¶ 22, 30.)  "T-Mobile seeks to upgrade [two of] its Antenna Facilities by replacing and modifying some of its older antennas with new, more technologically advanced antennas and radio equipment."  (Pl.'s Mem. in Supp. at 5.)  According to T-Mobile, these updates are necessary "to maintain uninterrupted wireless coverage for its increasing number of customers, and to increase capacity, speed and coverage area at the sites."  (*Id*.)  However, WAWN has refused to provide access and consent for the upgrades, and has retained a company called Bench Strength Partners, Inc. to renegotiate the leases on its behalf.  (Compl. ¶ 6.)  WAWN, through Bench, is demanding that T-Mobile pay substantially more rent as a condition to approving T-Mobile's necessary upgrades.

## LEGAL STANDARDS

For a preliminary injunction to properly issue, a movant must establish "(1)
irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success
on the merits or (b) sufficiently serious questions going to the merits to make them a fair
ground for litigation and a balance of hardships tipping decidedly in the movant's favor."
*MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (internal
quotation marks and citation omitted).[1]  A preliminary injunction is an "extraordinary
and drastic remedy" that should not be granted unless the movant makes "a clear
showing" that the necessary elements are satisfied.  *Mazurek v. Armstrong*, 520 U.S. 968,
972 (1997).

"[I]rreparable harm is the single most important prerequisite for the issuance of a
preliminary injunction, and . . . the moving party must first demonstrate that such injury
is likely before the other requirements for the issuance of an injunction will be
considered."  *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66-67 (2d
Cir. 2007) (internal quotation marks and citations omitted).  "To satisfy the irreparable
harm requirement, [plaintiffs] must demonstrate that absent a preliminary injunction they

---

[1] Defendant states that the Supreme Court in *Winter v. Natural Resources Defense
Council, Inc.*, 555 U.S. 7 (2008) "modified what was required to obtain a preliminary
injunction and created a four-prong test."  (Def.'s Mem. in Opp'n at 10.)  Under that test,
"[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed
on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
relief, that the balance of equities tips in his favor, and that an injunction is in the public
interest."  555 U.S. at 20.  Indeed, the Second Circuit has used both the four part test
enumerated in *Winter* and the two part test discussed above in deciding whether to grant a
preliminary injunction.  *See Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d
Cir. 2015) (stating that party seeking preliminary injunction must satisfy *either* four part
test from *Winter or* two part test).  However, here, whether the Court applies the four part
test from *Winter* or the two part test is of no moment as plaintiff has failed to establish the
irreparable harm element common to both analyses.

will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* at 66 (internal quotation marks and citations omitted).

## DISCUSSION

As discussed above, the Court begins its analysis with whether plaintiff has made the required showing of irreparable harm. Initially, plaintiff argues that depriving it of a contract right due under the leases with WAWN constitutes irreparable harm. However, since the cases it cites for this proposition are factually different from the case at hand, plaintiff's argument is unpersuasive. For example, in *Audubon Levy Investors, LP v. East West Realty Ventures, LLC*, 2010 U.S. Dist. LEXIS 29717, *8 (E.D.N.Y. Feb. 18, 2010), the court found that loss of "a bargained-for right to corporate control" that was "difficult if not impossible to value, [and] which could be meaningless or substantially diminished in value by the end of litigation absent injunctive relief" constituted irreparable harm. Dissimilarly here, no unquantifiable right to corporate control is at stake. Rather, plaintiff seeks access to real property. However, both *Tioronda, LLC v. New York*, 386 F. Supp. 2d 342 (S.D.N.Y. 2005) and *Carpenter Tech. Corp. v. City of Bridgeport*, 180 F.3d 93 (2d Cir. 1999), cases cited by plaintiff for the proposition that deprivation of access to real property constitutes irreparable harm, are also unpersuasive. Those cases involved the taking of property by eminent domain. Specifically, in *Tioranda* the court found that "permanent damage to rare and horticulturally significant trees" resulting from a taking constituted irreparable harm. F. Supp. 2d at 350. However, here, there has been no taking by eminent domain and the plaintiff does not claim to be at risk of experiencing any permanent damage to the Antenna Facilities.

Moreover, T-Mobile's assertions that lack of access to the Antenna Facilities "*could* result in dropped calls" and that there "*may* be impaired wireless service for anyone seeking to contact e911 by cell phone in the area serviced by the Antenna Facilities" are too speculative to constitute irreparable harm. (Pl.'s Mem. in Supp. at 11 (emphasis added).) These vague claims support only the possibility of harm and not its imminency. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990) (denying preliminary injunction based on "a remote and speculative possibility of future harm rather than the imminent likelihood of injury"). Similarly speculative, is T-Mobile's contention the lack of upgrades could lead to "having its reputation damaged, losing goodwill, and losing customers." (Pl.'s Mem. in Supp. at 10.) While "a loss of prospective goodwill can constitute irreparable harm," *Tom Doherty Associates, Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37-38 (2d Cir. 1995), such is not the case here, where plaintiff has not demonstrated that such a loss, which is based upon only the possibility of impaired service, is actual or imminent.

Plaintiff's motion also fails on the ground that plaintiff has failed to provide any evidence to support its allegations of irreparable harm. *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."). While plaintiff submits the affidavit of Paul LaPasota, the Development Manager for T-Mobile, the affidavit discusses only recent increases in "wireless traffic" and "data usage" in the area of the Antenna Facilities, but not any actual or imminent harm likely to result from these increases absent injunctive relief being granted. (LaPasota Aff. ¶ 3.) Since plaintiff has not submitted any evidence supporting its claims of impaired wireless service should it

not be granted access to the Antenna Facilities, its motion must be denied.  By way of example, the Court's conclusion may have been different if plaintiff had presented evidence of customer complaints about dropped calls or poor service in the areas around the Antenna Facilities.

Additionally, the Court notes that although plaintiff has been aware of WAWN's refusal to agree to the proposed upgrades since April 2016, it did not move for a preliminary injunction until November of 2016.  This seven-month delay runs counter to plaintiff's insistence that the alleged harm is actual or imminent.  *Tom Doherty*, 60 F.3d at 39 ("A district court should generally consider delay in assessing irreparable harm.") (collecting cases).  As a result, plaintiff's motion for a preliminary injunction is denied.


Dated: Central Islip, New York
     April 14, 2017                 /s/_____
                                          Denis R. Hurley
                                          United States District Judge